UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------X
Denitra Shaw,

Plaintiff, Civil Action No.:_____________

against

Audubon Financial Bureau, LLC,
A Delaware Limited Liability Company,
and Adam D. March, individually
Defendant.
----------------------------------------------X

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

## INTRODUCTION

1. This is an action for damages and declaratory judgment brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter referred to as "FDCPA").

2. Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendants in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), in that Defendants transact business here.

4. The Court's jurisdiction is conferred by 28 U.S.C. §1331, as well as 15 U.S.C. §1692k *et seq.*, and 28 U.S.C. §2201.

5. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

## PARTIES

6. Plaintiff, Denitra Shaw (hereinafter referred to as "Plaintiff"), is a natural person who resides in Denton County, at 4849 Haverwood Lane # 415 Dallas, Texas 75287.

7. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8. Upon information and belief, Defendant Audubon Financial Bureau, LLC is a Delaware limited liability company conducting business from offices located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

9. Upon information and belief, Defendant Adam D. March, is a member-manager and/or shareholder of Audubon, and upon information and belief oversees its day-to-day operations. *See Nicholas Jamele v. Audubon Financial Bureau, LLC, and Adam D. March,* 12-cv-60957; *See generally, Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices of Michael P. Margelefsky,LLC.* 518 F.3d 433, 440-41 (6th Cir. 2008).

10. March is a natural person, and a citizen of the State of New York, residing at 66 Golden Pheasant Drive, Getzville, New York, 14068.

11. Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

12. Defendants regularly collect or attempt to collect debts for other parties, and therefore, are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. In 2011, Plaintiff took out a payday loan from Cash Store in the amount of five hundred dollars ($500).

15. The Cash Store account was first turned over to Alliance Asset Management (hereinafter referred to as "AAM"), for collections.

16. Plaintiff had not received any written confirmation from AAM that it had authority to collect the debt (hereinafter referred to as the "Alleged Debt"), and AAM would not validate nor verify the Alleged Debt, so Plaintiff did not make any payments to AAM at this time.

17. On or about January 2, 2013, Plaintiff received the first of several calls from Defendants at her place of employment.

18. Defendants left a message that Plaintiff needed to call back or else Defendants would file papers with the court in Collin County and have her arrested.

19. Plaintiff called back and spoke with Defendants' representative, Stephanie Jamison.

20. Plaintiff told Stephanie that she will not make any payments, unless she receives something in writing from Defendants.

21. On or about February 25, 2013, Plaintiff received a "payment reminder notice" from Defendants, informing Plaintiff that Defendants verify that they are the agents for The Cash Store, and that they will be processing her payments. Said notice is annexed hereto, and incorporated herein as Exhibit A.

22. Upon receipt of the written communication, Plaintiff set up a fifty dollar ($50) down payment immediately, and a one hundred and eight dollar ($108) payment for every two weeks afterwards, until the debt was scheduled to be paid off.

23. Defendants told Plaintiff that she can purchase up a pre-paid debit card from Wal-Mart to make her payments.

24. Plaintiff made her first payment of fifty dollars ($50) on February 25, 2013, and her first one hundred and eight dollar ($108) payment on March 1, 2013.

25. Plaintiff had another one hundred and eight dollar ($108) payment scheduled for March 15, 2013, but after making the initial payment, Plaintiff began researching the collection company Audubon Financial Bureau, LLC, and looking into its business practices and reviews.

26. Plaintiff was alarmed when she turned up several negative comments and posts relating to Defendants.

27. Plaintiff called up Cash Store to inquire as to who was actually collecting the Alleged Debt for them.

28. Cash Store reviewed Plaintiff's account, and referred her to another debt collector, Debt Management Partners (hereinafter referred to as "DMP"), who was now the holder of the account.

29. Plaintiff contacted DMP and was apprised that the account which was opened with Defendants, had been recently closed, and that AAM was now collecting this account again.

30. Plaintiff now knew that Defendants were no longer the account holders of the Alleged Debt, and that Defendants had no right to collect the Alleged Debt.

31. Plaintiff did not make the second scheduled payment set for March 15, 2013

32. On or about March 15, 2013, Defendants' representative, Stephanie, left a message for Plaintiff informing her that the scheduled payment was rejected because of insufficient funds, that Plaintiff will be charged a two hundred and fifty dollar ($250) surcharge fee that the agreement was no longer valid, and that Plaintiff will now be required to pay off the entire balance.

33. Plaintiff called Defendant back on March 19, 2013, at or around 7:58p.m.

34. Plaintiff informed Defendant that according to DMP, Defendants were no longer handling her account, as of March 5, 2013.

35. Despite this new information, Defendants acted as though it was not familiar with DMP, insisted that Plaintiff still make her payments, and threatened that Defendant will be forced to take legal action if she does not cooperate.

36. Plaintiff informed Defendant that she had already filed a complaint with the FTC, and that Defendant should stop calling both her place of business and cell phone numbers.

37. Nevertheless, Defendant still called Plaintiff the next morning, March 20, 2013 at or around 9:06a.m.

38. Defendants failed to send Plaintiff a 30-day validation notice within 5 days of the initial communication.

39. As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e(2))**

40. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(2), in that Defendants made false, deceptive, and/or misleading representations in connection with character, amount, and legal status of the Alleged Debt, when Defendants tried to collect the Alleged Debt when it was not authorized to do so, tried to collect

more than it was supposed to, and when it deceived Plaintiff into thinking that Plaintiff will get arrested or be sued if Plaintiff did not make the payment.

42. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e(3))**

43. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(3), in that Defendants falsely indicated that the communication was from an attorney when it deceived Plaintiff into thinking that it would filed legal papers with the court and/or have her arrested if Plaintiff failed to make a payment.

45. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**THIRD CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e(4))**

46. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(4), in that Defendants stated that non-payment of the Alleged Debt will result in Plaintiff's arrest.

48. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**FOURTH CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e(5))**

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that was not intended to be taken when it threatened Plaintiff with a suit.

51. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**FIFTH CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e(10))**

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(10), in that Defendants used false representations and deceptive means when attempting to collect the Alleged Debt.

54. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**SIXTH CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692g)**

55. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692g, in that Defendants failed to send Plaintiff a 30-day validation notice within five days of the initial communication as required by the FDCPA.

57. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**DEMAND FOR TRIAL BY JURY**

58. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Richard Fuentes demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendants' practices violated the FDCPA; and,

E. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
April 18, 2013

Respectfully submitted,

By: __s/Jacob J. Scheiner________

Jacob J. Scheiner, Esq.
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
jscheiner@fschulmanlaw.com
Attorneys for Plaintiff